819 F.2d 1138
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Garland JENKINS, Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services, Appellee.
 No. 86-3969.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 12, 1986.
Decided May 18, 1987.
 
 Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.
 Lee E. Wilder (Breit, Rutter & Montagna on brief), for appellant.
 Lawrence J. Harder (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; Dorothea Lundelius, Assistant Regional Counsel; Justin W. Williams, United States Attorney; Raymond A. Jackson, Assistant United States Attorney, on brief), for appellee.
 WIDENER, Circuit Judge:
 
 
 1
 Garland Jenkins appeals from the judgment of the district court affirming the denial of disability benefits. We vacate the judgment and remand with instructions.
 
 
 2
 Jenkins, 45 years old at the time of the hearing, was last employed as a laborer at a grain receiving warehouse. On July 30, 1982, he fractured his left tibia at work, and was admitted to surgery the same day. Despite the operation, however, Jenkins still complains of pain in his left leg and ankle resulting from this injury. This pain has been documented. Dr. Al Jamali, the physician who operated on Jenkins, noted in a 1983 medical report that Jenkins was in "continuous pain and discomfort." Jenkins also complains of lower back pain since the accident, and x-rays showed that Jenkins had undergone some degeneration of the lumbar spine. Jenkins claims that he is now disabled and thus entitled to benefits.
 
 
 3
 In making his ruling, the Administrative Law Judge applied the grids found in 20 C.F.R. Part 404, subpart P, Appendix 2, and determined that the grids required a finding that Jenkins was not disabled. This was error. Pain, which is Jenkins' primary complaint, is a non-exertional impairment under 20 C.F.R. Part 404, subpart P, App. 2, Sec. 200.00(e). It is clear that when a claimant suffers from non-exertional limitations the grids may not be relied on as conclusive, but may only serve as a guideline. See, e.g., Wilson v. Heckler, 743 F.2d 218, 222 (4th Cir.1984). This is not changed when a claimant also suffers from exertional limitations as well. Id. The Secretary therefore bore the burden of introducing vocational evidence of non-disability. Id.
 
 
 4
 The ALJ also erred by engaging in so-called sit and squirm jurisprudence when he discounted Jenkins' testimony about pain based on his observation that Jenkins did not seem to be in pain or discomfort at the hearing. This kind of determination is inappropriate for an ALJ, and is generally condemned. See, e.g., Freeman v. Schweiker, 681 F.2d 727, 731 (2d Cir.1982). The ALJ is not a physician qualified to make such determinations. In addition to the obvious danger of unreliability, such an approach "may encourage claimants to manufacture convincing observable manifestations of pain or, worse yet, discourage them from exercising the right to appear before an Administrative Law Judge for fear that they may not appear to the unexpert eye to be as bad as they feel." Tyler v. Weinberger, 409 F.Supp. 776, 789 (E.D.Va.1976).
 
 
 5
 The judgment of the district court is vacated, and the case is remanded to the district court with instructions to remand to the Secretary of Health and Human Services for a new determination of Jenkins' entitlement to disability benefits. Upon remand to the Secretary, the parties may introduce any new evidence regarding Jenkins' claim if they be so advised.
 
 
 6
 VACATED AND REMANDED.